FILED

JEANNE A. NAUGHTON, CLERK

MAY 0 6 2019

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**ALIDAD MIRESKANDARI,**<br><br>　　　　　　　　　　Debtor. | Case No.: 18-32759-JKS<br>Chapter 13<br>Hon. John K. Sherwood, U.S.B.J. |

## DECISION AND ORDER
## RE: JINSUN, LLC'S MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby

**ORDERED**.

_____
HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated:    May 6, 2019

**Page 2**
In re Alidad Mireskandari
Case No.:  18-32759-JKS
Caption of Order:  **Decision and Order Re: Jinsun, LLC's Motion for Relief from the Automatic Stay**

**WHEREAS:**

On November 16, 2018, Alidad Mireskandari (the "<u>Debtor</u>") filed his Chapter 13 petition. The Debtor's case was converted to Chapter 11 on March 4, 2019.  Jinsun, LLC ("<u>Jinsun</u>"), a judgment creditor, moved for relief from the automatic stay to allow the United States District Court for the Southern District of Texas (the "<u>District Court</u>") to enter a judgment granting attorneys' fees against the Debtor.  The Debtor filed opposition. The Court conducted a hearing and reserved decision pending further review of the parties' submissions.  Having heard oral argument and reviewed the parties' submissions, and for the reasons set forth below, the Court finds that relief from the stay automatic stay should be granted.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. On March 2, 2016, the District Court entered a Final Judgment awarding Jinsun $206,000 in damages and on May 27, 2016, it ordered the Debtor to pay $164,583.82 of attorneys' fees and $7,364.46 in costs to Jinsun.[1]  Jinsun filed several discovery motions seeking to collect on the judgment and five hearings were held regarding the Debtor's noncompliance with discovery obligations.[2]  The Debtor continued to disregard the District Court's orders and, on July 17, 2018, the District Court entered a sanction against the Debtor for $25,000.[3]

2. Jinsun filed additional motions seeking recovery of attorneys' fees it had incurred through its various collection attempts.  The District Court held hearings on October 23, 2018 and November 9, 2018 where the Debtor testified about his income, business interests and the location

---

[1] Hopkins Certification, ECF No. 34, Ex. A.
[2] March 7, 2019 Order of the District Court, ECF No. 45, Ex. D at 1.
[3] Hopkins Certification, ECF No. 34, Ex. D.

In re Alidad Mireskandari
Case No.:  18-32759-JKS
Caption of Order:  **Decision and Order Re: Jinsun, LLC's Motion for Relief from the Automatic Stay**

of his funds.  At the November 9, 2018 hearing, the District Court concluded that the Debtor lied

about his funds at the October 23, 2018 hearing and, on November 15, 2018, Jinsun filed a motion

for contempt.  On November 16, 2018, the Debtor filed his Chapter 13 petition and moved for the

District Court to stay any judicial action against him during the pendency of his bankruptcy

proceedings.[4]  On March 7, 2019, the District Court sanctioned the Debtor an additional $5,000

and acknowledged that Jinsun's request for attorneys' fees was stayed until it obtained relief from

this Court.[5]  Jinsun requests that the Court lift the automatic stay to allow the District Court to

decide whether it will award Jinsun additional attorneys' fees.

### THE AUTOMATIC STAY

3.   Section 362(a) of the Bankruptcy Code provides that a bankruptcy petition operates as a stay of

any judicial proceedings against a debtor "that was or could have been commenced before the

commencement of the case under this title, or to recover a claim against the debtor that arose before

the commencement of the case under this title."  However, § 362(d)(1) provides that "[o]n request

of a party in interest and after notice and a hearing, the court shall grant relief from the stay…by

terminating, annulling, modifying, or conditioning such stay − (1) for cause."[6]

4.   Because the Bankruptcy Code does not define the term "cause," courts analyze the totality of the

circumstances to determine whether it exists.[7]  In *In re Telegroup, Inc.*, 237 B.R. 87 (Bankr. D.N.J.

1999), the Court found that cause to grant relief from the automatic stay exists when it is "necessary

to permit litigation to be concluded in another forum."[8]  To determine whether it is necessary to

---

[4] March 7, 2019 Order of the District Court, ECF No. 45, Ex. D at 2 and 3.
[5] *Id.* at 7 and 8.
[6] 11 U.S.C. § 362(d)(1).
[7] *See In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997).
[8] *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D.N.J. 1999).

**Page 4**
In re Alidad Mireskandari
Case No.:  18-32759-JKS
Caption of Order:  **Decision and Order Re: Jinsun, LLC's Motion for Relief from the Automatic Stay**

allow prosecution to continue in another forum, courts consider whether: (1) relief would result in a partial or complete resolution of issues; (2) there is a connection with or interference with the bankruptcy case; (3) the other proceeding involves the debtor as a fiduciary; (4) a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) the debtor's insurer has assumed full responsibility for defending it; (6) the action primarily involves third parties; (7) litigation in another forum would prejudice the interest of creditors; (8) the judgment claim arising from the other action is subject to equitable subordination; (9) the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) stay relief would further the interests of judicial economy and lead to an expeditious and economical resolution of litigation; (11) the parties are ready for trial in the other proceeding; and (12) imposition or relief from the stay will cause significant harm to either of the parties.[9]

5.   The relevant factors here are 1, 7 and 10.  The Debtor suggests that the entry of the Final Judgment fixed his liability and, thus, relief from the stay would not result in any further resolution of the issues.  But, the issue regarding the potential award of attorneys' fees has not been resolved.  In its March 7, 2019 Order, the District Court acknowledged that it would "revisit Jinsun's request for attorney fees when the bankruptcy stay is lifted."[10]  Jinsun is seeking relief from the automatic stay only to allow the District Court to enter an order liquidating its claim for attorneys' fees.  Since Jinsun's attorneys' fees relate to the Debtor's pre-petition conduct, it has the right to liquidate the claim and add it to its other pre-petition claims.  Thus, to the extent that Jinsun and the Debtor really want to litigate over Jinsun's claim for additional attorneys' fees, granting stay relief would help to resolve this issue.

---

[9] *See In re Mid-Atlantic Handling Systems, LLC*, 304 B.R. 111, 130 (Bankr. D.N.J. 2003).
[10] March 7, 2019 Order of the District Court, ECF No. 45, Ex. D at 8.

In re Alidad Mireskandari
Case No.:  18-32759-JKS
Caption of Order:  **Decision and Order Re: Jinsun, LLC's Motion for Relief from the Automatic Stay**

6.  The Debtor argues that permitting Jinsun to litigate its civil sanctions motion to add to its general unsecured claim would significantly prejudice the Debtor's other creditors by negatively impacting his ability to fund a plan.  Although permitting Jinsun to proceed in the District Court might increase its claim, Jinsun has the right to receive its pro rata distribution from the bankruptcy estate.[11]  The cost of allowing the District Court to liquidate Jinsun's claim will not result in significant prejudice to the other creditors.  If Jinsun's claim for additional attorneys' fees is going to have a material impact on the Debtor's bankruptcy plan and the Debtor has a good faith basis to challenge it, the Debtor should do so in the District Court.  But if Jinsun's claim has merit, the Debtor always has the option of stipulating or settling in order to avoid further proceedings in the District Court.  Furthermore, other creditors in the Debtor's bankruptcy will not be harmed if stay relief is granted because Jinsun will not be able to enforce any judgment against the Debtor without further order of this Court.[12]

7.  Section 502(c)(1) of the Bankruptcy Code requires a bankruptcy court to estimate an unliquidated claim if the liquidation of the claim in the non-bankruptcy court would unduly delay the administration of the case.[13]  But here, allowing the District Court to liquidate the attorney fee claim will not unduly delay the administration of this case.  The District Court is best suited to fix the amount of the claim based on its familiarity with the disputes between the Debtor and Jinsun.

---

[11] *See In re New York Medical Group, P.C.*, 265 B.R. 408, 414 (Bankr. S.D.N.Y. 2001) ("[Objector's argument] rests on the flawed premise that the payment of large allowed claims constitutes legal prejudice. Without doubt, the Saunders claim, allowed in any amount, will reduce the recovery available to other creditors. The same, however, can be said about every other claim…Saunders…like other creditors, has the right to her pro rata distribution based on the allowed amount of her claim. Conversely, denying her this right would grant a windfall to the other creditors.").

[12] *See In re G.S. Distribution, Inc.*, 331 B.R. 552, 567-68 (Bankr. S.D.N.Y. 2005) (finding that granting stay relief to movant in order to pursue litigation in district court would not prejudice the debtor's other creditors because the movant would not be able to enforce any money judgment it may receive without permission from the court.).

[13] 11 U.S.C. § 502(c)(1).

In re Alidad Mireskandari
Case No.: 18-32759-JKS
Caption of Order:  **Decision and Order Re: Jinsun, LLC's Motion for Relief from the Automatic Stay**

8. Relying on *In re White* and *In re Lincoln*, the Debtor asserts that actions for civil contempt are

subject to the automatic stay.  Those cases are distinguishable.  In *In re White*, the court considered

whether a pre-petition state court contempt order was a criminal sanction or a civil sanction.  It

noted that criminal sanctions are statutorily excepted from the automatic stay[14] while civil

contempt proceedings are subject to the automatic stay.[15]  The court also recognized a non-

statutory exception to the automatic stay "where the goal of the civil contempt proceeding is to

vindicate the dignity of the court rather than collect a pre-petition claim or obtain property of the

estate."[16]  Ultimately, the court denied the creditor's motion for relief from the stay without

prejudice because the movant ignored the fact specific analysis that was required to show "cause"

under § 362(d)(1).[17]  Thus, the decision provides useful guidance but is not really on point.  In *In

re Lincoln*, the creditor filed a proof of claim based on an award in state court and sought relief

from the stay to continue a contempt action, the purpose of which was to compel payment of the

claim.[18]  The court denied the request for stay relief because it regarded the contempt proceeding

as a step to collect a sum of money.[19]  Here, Jinsun is not seeking relief from the stay to collect its

pre-petition claim or obtain property of the estate.  Rather, it is seeking relief from the stay so that

it may submit a proof of claim that reflects the full amount of its judgment from the District Court.

---

[14] *See* 11 U.S.C. § 362(b)(1).

[15] *In re White*, 478 B.R. 177, 181 (Bankr. S.D.N.Y. 2012).

[16] *Id.* at 183-84.

[17] *Id.* at 184.

[18] *In re Lincoln*, 264 B.R. 370, 375 (Bankr. E.D. Pa. 2001) ("Movant's request to return to state court to pursue a contempt action against the debtor is more akin to an attempt to collect a debt…the [state court order] provides the Movant with a 'claim' against the debtor pursuant to Bankruptcy Code § 101(5). Granting the Movant's return to state court would allow the Movant to further attempt to collect her claim. This may also prejudice other creditors of the bankruptcy estate.").

[19] *Id.* at 375-76.

**Page 7**
In re Alidad Mireskandari
Case No.: 18-32759-JKS
Caption of Order: **Decision and Order Re: Jinsun, LLC's Motion for Relief from the Automatic Stay**

## <u>CONCLUSION</u>

For the forgoing reasons, Jinsun's motion for relief from the automatic stay is granted.

Jinsun may proceed in the District Court to liquidate its claim for attorneys' fees. To the extent

Jinsun obtains a judgment, enforcement thereof is stayed until further Order of this Court.